## MOSNER vs. RAULAIN.

The plaintiff having enlisted in the United States' service, during the war, entered into an agreement with his mother that he would from time to time send her money, and that she should take care of and restore it to him on his return. Under this agreement he sent several sums of money to his mother, who subsequently married the defendant, and died leaving him her executor. In an action to recover a portion of the money, which, it was claimed, had come to the hands of the defendant; *Held* that, under § 399 of the Code, the plaintiff was not a competent witness to establish the agreement, as against the defendant, who, if he had the money in question, took it by assignment by way of gift or loan, or as agent of the deceased, or as her executor.

APPEAL, by the defendant, from a judgment entered upon the report of a referee.

*By the Court,* TALCOTT, J. This is an action for money had and received, sought to be maintained under the following circumstances.

The plaintiff having enlisted in the United States' service, during the war, entered into an agreement with his mother that he would from time to time send her his money, and that she should take care of it and return it to him on his return. From time to time plaintiff sent money to his mother according to the agreement, some part of which she appears to have expended and some part she deposited to her own credit in a savings bank. Before the plaintiff returned, the defendant had married the mother and she had died, leaving the defendant her sole executor, and letters testamentary were duly issued to him. The defendant is supposed to have received some part of the money sent home by the plaintiff in the lifetime of plaintiff's mother, and it is shown that the defendant, as the executor of the deceased, received the amount which was to her credit in the savings bank. The defendant is sued individually, and not as executor.

On the trial the plaintiff offered himself as a witness to establish the alleged agreement between himself and his mother that she would keep the money safely till he returned.

Mosner v. Raulain.

He was objected to as incompetent to prove the alleged agreement, under section 399 of the Code; the objection was however overruled by the referee and the defendant excepted.

The referee has reported in favor of the plaintiff, finding the agreement between the plaintiff and his mother to have been made as testified to by him. The exception was well taken. The plaintiff was an incompetent witness to establish the agreement between himself and his deceased mother as against the defendant, who, so far as he had the money in question, took it by assignment by way of gift or loan, or as agent of the deceased or as her executor.

The admission of the testimony of the plaintiff to prove the alleged agreement between himself and the deceased and thus impeach the title of the defendant to the money, which had come into his possession under the title of the deceased if at all, was in direct opposition to the section of the Code referred to. And for this reason, without adverting to the other questions presented by the case, the judgment must be reversed.

Judgment reversed and new trial ordered, costs to abide the event.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, November, 1870. *Mullin, Johnson* and *Talcott*, Justices.]